## ARMSTRONG *v.* BROLASKI.

*(Circuit Court, E. D. Missouri, E. D.* June 22, 1891.)

1. CHECKS—LOSS—SUIT BY INDORSEE—WITHDRAWAL OF FUNDS.
   Defendant gave a check signed by him as "Agent." He did not disclose for whom he was acting as agent, if for any one, and he afterwards withdrew the money deposited to himself, as agent, and deposited it to his individual account. *Held*, that an action by an indorsee who had lost the check was properly brought against defendant individually as drawer.

2. SAME—LIABILITY OF DRAWER.
   Defendant having received full credit from the payee, and the indorsee being a holder for value, defendant, on withdrawing the funds, became liable to the indorsee for the amount of the check, without presentment or notice of non-payment.

3. SAME—DEFENSES.
   Directions of defendant to the bank to pay checks drawn by him as agent from his individual account will not avail against a suit by the indorsee without notice thereof to him.

At Law.

The case made by the evidence is as follows: Defendant on April 4, 1887, drew a check on the St. Louis National Bank, payable to the order of H., S. & H., a Boston firm, and remitted the same to them in payment of an account. The check was signed, "H. Brolaski, Agent." It was deposited by the payees in a Boston bank, and by the latter was indorsed for value to the Fidelity National Bank of Cincinnati, by which latter bank it was remitted to a St. Louis bank for collection. It was not paid when presented to the St. Louis National Bank, because it had not been properly indorsed by the payees, although the latter had received full value for the same when they deposited it. After the payees had properly indorsed the check at the request of the Fidelity Bank, it was again remitted by the latter to its St. Louis correspondent for collection, but was lost in the mail. It was so lost about May 5, 1887. Some time after the loss of the check, the receiver of the Fidelity Bank, which had in the mean time become insolvent, advised the defendant of the loss, and requested him to draw a duplicate check, which he failed to do; and some months thereafter he withdrew all the money then on deposit with the St. Louis National Bank to the credit of "H. Brolaski, Agent," and deposited it to the credit of "H. Brolaski." When the account was so changed by the defendant, it appears that he gave directions to the St. Louis National Bank to pay all outstanding checks drawn by "H. Brolaski, Agent," out of moneys deposited to the credit of "H. Brolaski," but, if any notice of such direction was given to the holders of outstanding checks, the fact does not appear. This suit was filed in August, 1890, after the account of "H. Brolaski, Agent," with the St. Louis National Bank had been closed. The proof does not show for whom Brolaski was acting as agent (if for any one) at the time the check was drawn.

*J. C. Orrick* and *Horton Pope*, for plaintiff.

*R. J. Delano*, for defendant.

THAYER, J., (*after stating the facts as above*.)   1. The first question to be considered is whether this action is brought against the drawer of the lost check.   Inasmuch as defendant did not disclose by his signature to the check for whom he was acting as agent, if for any one, and inasmuch as the proof shows that he subsequently treated the deposit against which the check was drawn as his own, by withdrawing it and depositing it to the credit of H. Brolaski, I must conclude that defendant in drawing the check was acting for himself, and not as agent for some other person.

2. The next question is whether the defendant is liable, assuming that the action is properly brought against him as drawer?   The Fidelity Bank was the holder of the check for value at the time it was lost in the mail.   Defendant has received full credit for the amount of the check in his account with H., S. & H., in whose favor it was drawn, and on the state of facts above disclosed the plaintiff has no recourse against prior indorsers.   It is well settled that the drawer of a check, who withdraws the fund against which the same is drawn, thereby renders himself personally liable to the holder of the check for the amount thereof without presentment to the drawee, and without notice of nonpayment.   The drawer of a check is not entitled to presentment or notice, when by his own act he has rendered presentment useless.   Daniel, Neg. Inst. § 1596, and citations.

3. Some stress was laid on the fact that defendant ordered all checks signed, "H. Brolaski, Agent," to be paid out of money standing to the credit of H. Brolaski, but I am compelled to regard that fact as immaterial.   To entitle a bank to pay a check out of a given deposit, the check should bear the signature of the depositor in precisely the same form that the deposit is entered on the bank's books.   Id. § 1612, and citations.   I have no doubt that the directions given by Brolaski were ample to protect the bank in paying the lost check out of his account, if it had been presented, but, to render such directions of any avail as against the plaintiff, he should have had notice that such directions had been given.   Upon the whole, I conclude that the defendant made himself liable to the plaintiff by withdrawing the deposit, and there seems to be no necessity of requiring the plaintiff to give bond as a condition of recovery, as the loss occurred so long ago, and the check was so indorsed that no one can acquire a title thereto.   Judgment will be entered for $327.50, with interest only from this date, June 22, 1891.